IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LEE GORDON LAMB,**

    Plaintiff,

v.

**STEVE FRANKE et al.,**

    Defendants.

No. 2:12-cv-00367-MO

OPINION AND ORDER

**MOSMAN, J.,**

Pro se plaintiff Lee Gordon Lamb is an inmate in the custody of the Oregon Department of Corrections ("ODOC"). On February 29, 2012, Mr. Lamb filed a complaint [2] against several ODOC employees, in their individual and official capacities, pursuant to 42 U.S.C. § 1983. Mr. Lamb alleges that his Eight and Fourteenth Amendment rights were violated when defendants responded unreasonably to his attempts to file a Prison Rape Elimination Act ("PREA") report. (Compl. [2] at 4–5.) Defendants filed an unenumerated rule 12(b) motion to dismiss [22] arguing that Mr. Lamb failed to exhaust his administrative remedies as to these allegations. I agree and therefore grant defendants' motion.

1 – OPINION AND ORDER

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The sole trigger for this exhaustion requirement is availability of remedies within the prison system; whether the remedies meet federal standards or are "plain, speedy, and effective" is immaterial. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (quoting *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Furthermore, the Supreme Court has made clear that a district court's enforcement of this requirement is "mandatory." *Id.* "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119–1120 (9th Cir. 2003). If the court concludes that plaintiff has "not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120. Because exhaustion under the PLRA is an affirmative defense, defendants bear the burden of showing failure to exhaust. *See Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012).

ODOC policy indicates that a prisoner may file a grievance as to the following matters:

(a) The misapplication of any administrative directive or operational procedure;

(b) The lack of an administrative directive or operational procedure;

(c) Any unprofessional behavior or action which may be directed toward an inmate by an employee, contractor, or volunteer of the Department of Corrections or the Oregon Corrections Enterprises;

(d) Any oversight or error affecting an inmate;

(e) A program failure as defined by the ODOC;

>   (f) The loss or destruction of property.

(Reynolds Decl. Ex. 2 [27-1] at 4.)

In order to exhaust his or her nonjudicial remedies, an inmate must first submit a "grievance" to the functional unit grievance coordinator on an approved inmate grievance form within 30 days of the date of the incident giving rise to the grievance. (*Id.* at 4.) An inmate will thereafter receive an initial grievance response and, if unsatisfied, may send a "first" appeal to the grievance coordinator within 14 calendar days from the date the grievance response was sent to the inmate. (*Id.* at 6.) The grievance coordinator forwards the first appeal to the functional unit manager, who then responds to the inmate within 30 calendar days from the date the appeal was received. (*Id.*) An inmate may appeal the functional unit manager's decision by sending a "final" appeal to the grievance coordinator within 14 calendar days from the date the grievance response was sent to the inmate. (*Id.*) The final appeal is forwarded to the Assistant Director that has authority to resolve the issue. (*Id.*) The Assistant Director conducts whatever investigation may be necessary and then renders a final decision, not subject to further review. (*Id.*) Only after the Assistant Director renders a decision may the inmate bring a claim in federal court.

In this case, Mr. Lamb did not file any approved inmate grievance forms based on his allegations that defendants unreasonably responded to his attempts to file a PREA report.[1] (Compl. [2] at 2). Mr. Lamb concedes that he failed to properly exhaust his administrative remedies but contends that I should nonetheless permit his suit to go forward because he is exempt from the exhaustion requirements for two reasons. First, he argues that the PREA is the appropriate administrative remedy. (Compl. [2] at 2; Resp. to Order to Show Cause [32] at 1.) Mr. Lamb is mistaken. The PREA does not impose an alternative remedial scheme, nor does it

---

[1] Between October 4, 2010, and March 7, 2012, Mr. Lamb filed twenty-two grievances while in custody of the ODOC. (Reynolds Decl. [27] at 3–17.) During that time, Mr. Lamb also filed twenty additional grievances "that were returned because they did not comply with the Rules." *Id.*

3 – OPINION AND ORDER

supersede PLRA's exhaustion requirement. 42 U.S.C. § 15601, *et seq.*; *see also Porter v. Howard*, 2012 WL 2836637, at *4 (S.D. Cal. July 10, 2012).

Second, he argues that the ODOC Administrative Rules prohibit filing grievances against fellow inmates. In a sense, Mr. Lamb is correct. The ODOC Administrative Rules do in fact bar grievances against fellow inmates. (Reynolds Decl. Ex. 2 [27-1] at 4.) But Mr. Lamb's complaint [2] is against ODOC employees, not a fellow inmate. Therefore, Mr. Lamb had the ability to file an administrative grievance and failed to do so. Consequently, dismissal without prejudice is appropriate.

## CONCLUSION

For the foregoing reasons, I GRANT defendants' motion to dismiss [22].

IT IS SO ORDERED.

DATED this 14 day of February, 2013.

MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER